IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:07cr113 |
| | ) | |
| KENYATTA HASANI ADAMS, | ) | |
| Defendant. | ) | |

## POSITION WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, Chuck Rosenberg, United States Attorney for the Eastern District of Virginia and Sherrie S. Capotosto, Assistant United States Attorney, hereby submits this Position of the United States with Respect to Sentencing Factors in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guideline sentencing. The government hereby represents that it has reviewed the Probation Office's Presentence Report prepared in this matter, and that it does not dispute any of the facts or Guideline factors contained therein. The United States believes that the Sentencing Guidelines establish a reasonable sentencing range that appropriately accounts for the relevant factors set forth in 18 U.S.C. § 3553(a) and requests that this Court impose a sentence within the range as calculated by the Probation Officer.

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court made clear that sentencing courts should "consult the [Sentencing] Guidelines and take them into account when sentencing." *Id.* at *27; *see also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an

appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities . . .'". *Id.* at *27 [citations omitted]. The Fourth Circuit has provided the following guidance in the wake of *Booker* :

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir., 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B); *Biheiri*, 356 F.Supp.2d at 594.

The Guideline range is appropriate and reasonable in light of the serious nature of the drug trafficking crime to which the defendant pled guilty, and the amount of crack cocaine involved. In addition, a sentence within the Guideline range would provide an appropriate and reasonable deterrent factor for both the defendant and others. *See* 18 U.S.C. § 3553(a)(2)(B). Cocaine trafficking and use continues to be a serious problem in local communities and throughout the nation. A sentence within the Guideline range would reflect the seriousness of this offense, promote respect for law, provide just punishment for the offense, and deter further criminal conduct. The United States respectfully submits that a sentence within the Guideline

range is both appropriate under the facts of this case, and would satisfy the provisions of Title 18, United States Code, Section 3553(a).

The defendant argues that this Court should grant a variance from the advisory Guidelines because, in essence, he did not benefit from the new Amendments to the Guidelines that went into affect November 1, 2007. This argument, while appealing, is ill-founded because the Sentencing Commission did not intend to provide lower sentences for all defendants being sentenced for crack cocaine through this amendment. Instead, the Sentencing Commission made clear in its commentary that it is Congress' prerogative to address and remedy the problem commonly referred to as the "100-to-1 drug quantity ratio." In the Notes following the Amendments, the Sentencing Commission was careful to point out that this proposed amendment was promulgated to better "square" the minimum mandatory penalties assigned to crack cocaine (5 or 50 grams) with a sentencing range that included the minimum possible sentence (60 months for 5 grams, and 120 months for 50 grams). The Notes state explicitly, "[t]his amendment modifies the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that <u>include</u> the statutory mandatory minimum penalties." The Commission also noted that, "...this modification to the Drug Quantity Table will affect 69.7 percent of crack cocaine offenses sentenced under §2D1.1...." Clearly, the amendments were not intended to benefit 100% of defendants in crack cocaine cases, and this case falls within the 21% of cases that will see no change.

The United States submits that the Guidelines have been correctly calculated, and that a sentencing range of 70 to 87 months (roughly 5 ½ to 7 ¼ years) is not unreasonable given the fact that the defendant possessed more than 18 grams of crack cocaine, three times the statutory

3

5-gram amount that triggers a minimum mandatory five-year sentence.

        Respectfully submitted,

        CHUCK ROSENBERG
        UNITED STATES ATTORNEY

By:     /s/
        Sherrie S. Capotosto
        Assistant United States Attorney
        Virginia State Bar No. 33127
        Attorney for the United States
        United States Attorney's Office
        101 W. Main Street, Suite 8000
        Norfolk, Virginia 23510
        (757) 441-6331 / FAX (757) 441-6689
        Sherrie.Capotosto@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2007, I caused a true and correct copy of the foregoing Position on Sentencing to be mailed to Probation Officer Kristian M. Everett, 600 Granby Street, Suite 200, Norfolk, Virginia 23510, and I electronically filed the foregoing Position on Sentencing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Larry M. Dash, Attorney for the Defendant, Office of the Federal Public Defender, 150 Boush Street, Suite 401, Norfolk, Virginia 23510, (757) 457-0800, Fax: (757) 457-0880, Larry_Dash@fd.org.

        /s/
        Sherrie S. Capotosto
        Assistant United States Attorney
        Virginia Bar No. 33127
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        Office Number - 757-441-6331
        Facsimile Number - 757-441-6689
        Sherrie.Capotosto@usdoj.gov