# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No.  2:07cr113 |
| | ) | |
| **KENYATTA HASANI ADAMS,** | ) | |
| | ) | |
| *Defendant*. | ) | |

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

Comes now the United States of America, by Sherrie S. Capotosto, Assistant United States Attorney, and responds to the defendant's motion for modification of his sentence. In support of its position, the United States submits the following:

Having pled guilty to possession with intent to distribute cocaine base, on January 7, 2008, the defendant was sentenced to 96 months imprisonment, after the Court departed upwards one level from the original guideline level. The defendant's original guideline range was calculated using a base offense level of 26. Three points were deducted for acceptance of responsibility, and the defendant's criminal history category was IV. This yielded a guideline range of 77-96 months.

Under 18 U.S.C. § 3582(c)(2), Congress authorized a district court to modify a defendant's sentence for a Guideline amendment that the Sentencing Commission has expressly made retroactive. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In U.S.S.G. § 1B1.10, the Sentencing Commission has identified the amendments that may be applied retroactively and specified the proper procedure for reducing a defendant's term of imprisonment after sentencing has become final. Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2) and implements 28 U.S.C. § 994(u). Section 994(u) provides, "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

Applying these statutory and guideline provisions, courts have consistently held that a guideline amendment may be applied retroactively only when expressly listed in § 1B1.10(c). *See, e.g., United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004).

The Commission has issued a revised version of § 1B1.10 that took effect on March 3, 2008, and that, like its predecessors, continues to emphasize the limited nature of relief available under 18 U.S.C. § 3582(c). Subsection (a) of revised § 1B1.10(a) reiterates that a Guideline amendment must first be listed in § 1B1.10(c) before any relief is authorized:

>   (1)  <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>   (2)  <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   >   (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The defendant seeks relief under Amendment 715, which was designed to rectify certain illogical mathematical progressions in the cocaine base conversion chart, and which became effective on May 1, 2008. Although the defendant is theoretically eligible for relief under this Amendment, 18 U.S.C. § 3582(c)(2), and the applicable policy statements of the Commission, a sentence reduction is not automatic. Section 3582(c)(2) itself gives this Court discretion and provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Fourth Circuit has confirmed that a district court is not *required* to grant relief. *Legree*, 205 F.3d at 727 (affirming district court's refusal to grant relief for retroactive amendment even though district court expressed concern about the length of the sentence at the original sentencing). *See also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.).

Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id.* app. note 1(B)(i)(I); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and

3

does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992); *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

This defendant, having originally received a one-level upward variance and a sentence at the top of the resulting higher range, is not necessarily entitled to a lesser sentence. It is the government's position that a 96 month sentence satisfied the key factors in 18 U.S.C. §3553(a). Specifically, the defendant had a lengthy criminal record that dated back to age 17 and included two prior convictions for possession with intent to distribute heroin, one conviction for possession with intent to distribute cocaine, and nine additional misdemeanor convictions for various crimes including trespassing, eluding police, and DUI. More importantly, the Court heard evidence at the sentencing hearing that the defendant was involved in another more recent incident of eluding police (on April 20, 2007) during which marijuana was thrown from the vehicle, and a Portsmouth police officer testified that someone inside the defendant's vehicle fired shots at her during the pursuit. Also, the nature and circumstances of the instant offense (which occurred on July 26, 2002) also involved the defendant and a co-defendant fleeing from the police and tossing crack cocaine and marijuana as they fled. At the defendant's sentencing hearing, the Court made note of the fact that the defendant, throughout his juvenile and adult life, has continued to repeatedly sell drugs and flee from the police in an ever-increasing cycle of dangerous behavior. It is the government's position that the defendant's original 96 month

sentence adequately addressed the seriousness of the offense, promoted respect for the law, provided just punishment, provided adequate deterrence to others who might be inclined to engage in similar behavior, and protected the public (and the police) from further crimes of this nature. If the Court were to subsequently sentence the defendant at the top of the newly calculated guideline range (78 months), the defendant would be receiving an 18-month cut in his original sentence only because the Sentencing Commission employed less than perfect mathematical skills during the initial phase of the crack-cocaine reduction amendments. Therefore, the government respectfully submits that the defendant's original sentence was appropriate, and should not be changed.

          Respectfully Submitted,

          CHUCK ROSENBERG
          UNITED STATES ATTORNEY


By:       /s/
          Sherrie S. Capotosto
          Assistant United States Attorney
          Virginia State Bar No. 33127
          Attorney for the United States
          United States Attorney's Office
          101 W. Main Street, Suite 8000
          Norfolk, Virginia 23510
          (757) 441-6331 / FAX (757) 441-6689
          Sherrie.Capotosto@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Government's Response To Defendant's Motion For Modification of Sentence was delivered via first-class mail, postage prepaid, this 17th day of

June, 2008, to Kenyatta Hasani Adams, #57394-083, P.O. Box 90043, Petersburg FCI, Petersburg, VA 23804, and to Probation Officer Kristian M. Everett, and Supervisory Probation Officer Mary Farashahi, U.S. Probation Office, 600 Granby Street, Suite 200, Norfolk, VA 23510.

        CHUCK ROSENBERG
        UNITED STATES ATTORNEY

By:     /s/
        Sherrie S. Capotosto
        Assistant United States Attorney
        Virginia State Bar No. 33127
        Attorney for the United States
        United States Attorney's Office
        101 W. Main Street, Suite 8000
        Norfolk, Virginia 23510
        (757) 441-6331 / FAX (757) 441-6689
        Sherrie.Capotosto@usdoj.gov