

FILED

JUL 3 1 2008

CLERK, US DISTRICT COURT
NORFOLK, VA

Original

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA,    :

v.    :    Criminal No. 2:07cr113

KENYATTA HASANI ADAMS,    :

Defendant.    :

### Motion for reconsideration of order and
### Judicial Notice of Adjudicative Facts

The court, on July 17, 2008, issued an order in the above referenced matter addressing the issue and facts pursuant to 18 U.S.C. §3582(c)(2) based on Amendment 706, as modified by Amendment 711, and Amendment 715 to the Sentencing Guidelines ("Crack Cocaine Amendments"), subsequently modified the defendant's sentence in the followin manner as "determined" by the court: "The Defendant's original base offense level was 26. He received a reduction of three points for acceptance of responsibility and an increase of one point for an upward departure, resulting in an offense level of 24, a criminal history category of IV, and a guideline range of 77-96 months. On January 7, 2008, the Court sentenced Defendant to 96 months. After application of the crack cocaine amendments, Defendant has a base offense level of 24, a total offense level of 22, and a guideline range of 63-78 months imprisonment. Therefore, the sentence imposed by this Court's last judgment is hereby modified and the Defendant's sentence is hereby reduced to the greater of either 'seventy-eight (78) months imprisonment or time served.' This term of imprisonment is within the guideline range after application of the crack

cocaine amendments and a one point increase in the base offense level for the upward departure. In no event should this Order be construed to violate the prohibition in U.S.S.G. §1B1.10(b)(2)(C).

This Court was in **error** in its order dated July 17, 2008 wherein a sentence of 78 months was imposed. Pursuant to Rule §201 of Federal Rules of Criminal Procedure, in accordance with rules of evidence, Defendant Adams hereby respectfully moves this Court to take Judicial Notice of the facts of this case and the error of the Court, most particularly the following caselaw made relevant to the facts and issues presented herein. United States v. Olano, 507 U.S. 725, 123 L.Ed.2d 508, 113 S.Ct. 1770; United States v. Ford, 88 F.3d 1350 (4th Cir. 1996); United States v. Mackins, 315 F.3d 399 (4th Cir. 2003); United States v. White, 405 F.3d 208 (4th Cir. 2005); United States v. Brown, No. 04-4694 (Cr. 04-13)("on COA Docket Appeal from U.S. District Court-Middle District of North Carolina at Durham")(reversed and remanded on other grounds). It is anticipated that the aforementioned caselaw can assist the court to make a decision relevant based on the facts of this case.

Defendant Adams contends that adjudiciative facts of the case directly concern the parties to this proceeding which would greatly assist the court in its ultimate determination of the law as it applies to the issues and facts relevant to the relief sought. These adjudicative facts shall include those that a jury or any jurist would weigh in judicial proceedings.

## Facts

The United States Probation Office, on four (4) occasions, calculated and "re-calculated" the Defendant's Base Offense Level, the Criminal History Category, and the Guideline Range as to the sentence imposed. The **first calculation** was at Base Offense Level of "26" with a range of imprisonment of "110-137" months; a **second calculation** of the Base Offense Level was "23" with a range of imprionment of "84-105" months; a **third calculation** of the Base Offense Level was conducted by the Probation Office with the Court of "21" with a range of imprisonment of "57-71" months. In accordance with the United States Sentencing Commission and the Drug Quantity and Sentencing Table, **this was the accurate and correct calculation** of the Defendant's Base Offense Level which the Court was to impose sentencing upon. But, the Probation Office conducted yet another "re-"calculation of the Defendant's Base Offense Level and the range of imprisonment to be "24" with a range of imprisonment of "77-96" months. The Probation Office was incorrect and the proper Base Offense Level was "21" with a range of sentencing of "57-71" months.

## Argument

### The Court committed error and an abuse of discretion:

The issue here is whether the Court should grant the relief requested here and previously made relevant in earlier pleadings based on the law supporting the facts and issue(s). The requested relief was imposition of sentencing based on the correct and accurate Guidelines and range of imprisonment made relevant by the

U.S. Sentencing Commission and the retroactivity of the Sentencing Guidelines. Thus, this case is simply about resting conclusions on "incorrect legal standards."

Defendant is due the process of the laws of the jurisdiction that would deprive him of his liberty. The Court, and the Probation Office, ignored the controlling interpretation of the laws, and abused their discretion in imposing a term of imprisonment based on erroneous application of the laws, is and was cognizable in these pleadings heretofore. Whether respondents deprived the defendant of the benefit of the laws under which defendant was sentenced, and abused their discretion, is properly raised in these proceedings, and is before this Court for decision.

No matter which unlawful course led to imposition of the incorrect term of imprisonment in the July 17, 2008 order modifying defendant's sentence, following that course was an abuse of discretion. In re JD.C., 594 A.2d 70, 75 (D.C. 1991)(to rest conclusions on "incorrect legal standards" is an abuse of discretion); Johnson v. United States, 398 A.2d 354, 365 (D.C. 1979)(reviewing court "must determine 'whether the decision maker . . . relied upon an improper factor'"); cf. McKennon v. Nashville Banner Pub. Co., 115 S.Ct. 879, 886-87 (1995)("Where an employer seeks to rely upon after-acquired evidence of wrongdoing [to justify employment termiantion], it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.").

Initially, when the Court imposed sentening upon the Defendant on January 7, 2008, the Court did so with the enhancement upon the Defendant for a "state offense" that was non pross of the offense of "possession of marijuana and aid and abetting/eluding. Defendant's co-defendant's offense in this matter was dismissed. The Defendant was not brought to court for the state offense to which was non pross; there was no conviction whereby federal authorities was permitted to use and enhance the defendant in federal sentencing proceedings. Because the Court enhanced Defendant in such a manner, the criminal history category was established, by a preponderance standard, to be IV with a range of imprisonment of 77-96 months. Before the enhancement the range of imprisonment was 70-87 months. However, **absent** the enhancement and the proper calculation of the sentencing guidelines per the "Commission," the Base Offense Level shall be a Level "23" and with the "retroactive application" of the 2 point deduction of the "Crack Cocaine Amendments" the present and correct Base Offense Level **must be "21"** with a term of imprisonment of 57-71 months.

Furthermore, Defendant mandates that when the Court imposed sentencing, with acceptance of responsibility by entering a plea to the offense on the third ("3rd") day of court proceedings, this required the court to impose a term of imprisonment as a result thereof at the "bottom" of the sentencing guidelines; not the top portion of the range of sentencing. Generally, always, Courts have imposed sentencing at the lower bottom portion of a defendant's range of imprisonment "because the Defendant accepted responsibi-

lity and therefore preventing and saving the government and the court the expense of preparing for a trial and the costs thereof." If the Court so desires, the Defendant would present a memorandum with supporting caselaw on this subject alone supporting the facts thereof. But, on January 7, 2008 and again on July 17, 2008, the Court imposed sentencing at the "top of the Guideline range of sentencing" as if the Defendant has committed a reason for the greater, higher, term of imprisonment such as forcing the court and the government to spend resources and time in preparation of a trial. Defendant did not do this. On the third day of court proceedings, the Government offered a plea to the offense and the Defendant thereby accepted and a three (3) point reduction for the accpeptance of responsibility was given to the Defendant. Therefore, the Court was required to impose a term of imprisonment at the bottom portion of the range of sentencing; not the top portion as what the Court took in each of the imposition of sentencing hearings herein.

The above mentioned facts are contained in the record of these proceedings and the Court must take judicial notice of these issues and supporting facts in imposing a term of imprisonment based on correct legal standards and rules of the court.

Defendant Adams plead guilty on the third day of court proceedings and received a three point deduction for acceptance of responsibility; on the third (re)calculation of Defendant's Guideline range and Base Offense Level, the Probation Office correctly and properly arrived at a Base Offense Level of 21 with

a 2 point reduction under the retroactivity of the guidelines;
and the range of imprisonment shall be 57-71 months. The only
reason why the Court imposed the term of imprisonment it did on
July 17, 2008 was because it adopted an incorrect application of
the sentencing guidelines through a preponderance standard or
through an error of the Probation Office or the Court, or both,
of what was thought to be the Defendant's Base Offense Level and
range of sentencing.

## Conclusion

For the foregojng reasons stated herein, Defendant Adams
hereby respectfully requests that the Court reconsider and there-
by re-sentence the Defendant based on the facts and evidence
presented heretofore by taking judicial notice  herein of its
error when imposing a term of imprisonment in error consisting
of 63-78 months at the top of the guidelines, rather than impose
sentencing correctly according to the Guidelines and the Retro-
active Amendment of the Crack Cocaine Amendment at 57-71 months.

The issues and facts here are identical to those contained
in the record of these proceedings, supported by the U.S. Senten-
cing Guidelines and Drug Quantity and Sentencing Table.

Respectfully submitted,

*Kenyatta Hasani Adams*
Kenyatta Hasani Adams
#57394-083
P.O. Box 90043
 Federal Correctional Inst.
Petersburg, VA 23804

Dated: July 21, 2008.

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, to the Assistant United States Attorney Sherrie S. Capotosto, at 101 West Main Street, Suite 8000, Norfolk, Virginia 23510 by depositing same in the institutional mail box at FCC Petersburg Medium on this 21st day of July 2008.

Kenyatta Hasani Adams
Defendant
Pro se