**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Docket No. 2:07cr113** |
| | ) | **The Honorable Robert G. Doumar** |
| **KENYATTA HASANI ADAMS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO REDUCE SENTENCE
## PURSUANT TO TITLE 18 U.S.C. § 3582(c)

COMES NOW the Defendant, Kenyatta Hasani Adams, by and through counsel, and respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 78 months to time served, effective November 1, 2011.

### PROCEDURAL BACKGROUND

Mr. Adams was named in a One-Count Criminal Information filed by the United States Attorney's office for the Eastern District of Virginia, Norfolk Division, on June 5, 2007. On June 5, 2007, Mr. Adams, in accordance with the terms of a written plea agreement, entered a guilty plea as to Count One, which charged: possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On January 7, 2008, the Court imposed a sentence of 96 months of imprisonment. In light of the 2007 changes to the crack cocaine federal sentencing guideline, the Court reduced Mr. Adams's sentence to 78 months on July 17, 2008. Pursuant to the recent changes to the crack cocaine guidelines, the Defendant now requests that the Court reduce his sentence to time served.

### ARGUMENT

Effective April 28, 2011, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1 to lower the offense levels and marijuana equivalencies for crack cocaine quantities. *See* U.S.S.G. App. C amend. 750. On June 30, 2011, the Commission unanimously voted to make this amendment retroactive as of November 1, 2011. Under U.S.S.G. § 1B1.10, Mr. Adams is eligible for relief under the amended advisory guideline range. Pursuant to 18 U.S.C. § 3582(c),

this Court has the authority to reduce Mr. Adams's sentence.

**A.      The Court Has the Authority under 18 U.S.C. § 3582(c) to Reduce Mr. Adams's Sentence.**

Title 18 U.S.C. § 3582(c)(2) provides that a court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  As discussed below, the Sentencing Commission has lowered the range applicable to Mr. Adams's sentence.  Therefore, the Court has authority pursuant to 18 U.S.C. § 3582(c) to reduce Mr. Adams's sentence.

**B.      The Defendant is Eligible for Relief under U.S.S.G. § 1B1.10.**

U.S.S.G. § 1B1.10 states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1).  Amendment 750, which lowers the guideline range applicable to Mr. Adams's sentence, is listed in subsection (c).  *See* U.S.S.G. § 1B1.10(c).

The advisory guideline range applicable to Mr. Adams's sentence has been lowered. Specifically, retroactive application of the amendment to the crack cocaine guideline changes the applicable offense level and corresponding advisory guideline range as follows:

| Guideline Calculation | | | |
|---|---|---|---|
| Drug Quantity: 67.42607 kg Marijuana (*see* PSR pg. 5 para. 14 'Role in the Offense') | | | |
| | **Original Sentencing** | **Reduction under Amendment 706** | **Proposed Reduction under Amendment 750** |
| Date: | Jan. 7, 2008 | Jul. 17, 2008 | N/A |

| Base Offense Level: | 26 | 24 | 22 |
|---:|---|---|---|
| Acceptance of Responsibility: | -3 | -3 | -3 |
| Upward Departure under 18 U.S.C. § 3553(a)(1): | +1 | +1 | +1 |
| Adjusted Offense Level: | 24 | 22 | 20 |
| Criminal History Category: | Category IV | Category IV | Category IV |
| Guideline Range: | 77-96 months | 63-78 months | 51-63 months |
| Sentence Imposed: | 96 months | 78 months | 63 months *(ESTIMATED)* |

According to the Federal Bureau of Prisons, Mr. Adams's current projected release date is December 18, 2012. The Court originally imposed a sentence of 96 months, which fell at the top of the original guideline range. After the last round of crack retroactivity, the Court reduced Mr. Adams's sentence to 78 months. Because the advisory guideline range applicable to Mr. Adams has been lowered further, U.S.S.G. § 1B1.10 provides that he is eligible for a further reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c).

Specifically, Mr. Adams's amended guideline range is 51-63 months. A sentence within the amended guideline range that falls at the same relative point as his original sentence results in a sentence of 63 months — a 15 month reduction. Because such a reduction would result in a release date sooner than the amendment's effective date of November 1, 2011, Mr. Adams requests a sentence of time served as of November 1, 2011.

A reduction to Mr. Adams's sentence is consistent with the policy statements in U.S.S.G. § 1B1.10. First, the exclusions in §1B1.10(a)(2)—prohibiting relief if the amended guideline is not retroactive or does not lower the defendant's sentence—do not apply to Mr. Adams. As noted above, Amendment 750 has been made retroactive and would lower Mr. Adams's sentence. Second, §1B1.10(b)(2)(A) prohibits sentence reductions below the amended advisory

guideline range.  Mr. Adams seeks a sentence reduction from 78 months to time served, a reduction well within his amended guideline range.  Finally, the application notes to the policy statement direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence.  *See* U.S.S.G. § 1B1.10, comment. n.1(B)(ii) and (iii).  As discussed in more detail below, a sentence reduction to time served is consistent with these considerations.

Based upon the foregoing, Mr. Adams is eligible for relief under U.S.S.G. § 1B1.10, and a reduction in his sentence is consistent with that policy statement.  Therefore, the Court should exercise its authority under 18 U.S.C. § 3582(c) and reduce his sentence to time served for the following reasons.

**C.     Public Safety Consideration and the Defendant's Post-Sentencing Conduct Support Reducing the Defendant's Sentence to Time Served.**

The Court should sentence Mr. Adams to time served because he poses no threat to public safety and because of his post-sentencing rehabilitation efforts.  Mr. Adams's behavior in prison reflects a determination to turn his life around. Previously a high-school drop out, Mr. Adams has been diligently pursuing his G.E.D. in prison. Furthermore, Mr. Adams has sought out educational opportunities by taking adult classes in topics such as Math, HIV/AIDS Awareness, African-American Studies. He has also completed vocational training in Towing and Transport, .

Prior to his arrest, Mr. Adams's work history was limited and his future earning potential was uncertain because of his lack of experience and education. He also had a history of drug and alcohol use which began at the age of 14.  Since his incarceration, however, Mr. Adams has exhibited a marked increase in maturity.  He successfully completed the 40-Hour Drug Education program. He also participated in self-help courses for parenting. *See* Attachment 1.

Mr. Adams not only poses no threat to public safety, he is utilizing all the resources at his disposal to equip himself with the educational and personal tools that will enable him, upon his release, to be financially independent, productive, and healthy when he re-enters society.  Upon release, he plans to live in Virginia with his mother.

For these reasons, the Court should reduce Mr. Adams's sentence to time served effective

November 1, 2011.  The Defendant respectfully requests that the Court enter the proposed Order

attached hereto on or before November 1, 2011.

Respectfully submitted,

Kenyatta Hasani Adams

By: _____/s/_____
Larry M. Dash
Virginia State Bar No. 41219
Attorney for Defendant Kenyatta H. Adams
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0860
Facsimile: (757) 457-0880
Larry_Dash@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Sherrie S. Capotosto, Esquire
Assistant United States Attorney
Office of the United States Attorney
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510

By: _____/s/_____
Larry M. Dash
Virginia State Bar No. 41219
Attorney for Defendant Kenyatta H. Adams
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0860
Facsimile: (757) 457-0880
Larry_Dash@fd.org